US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
APR 0 4 2016
DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHAD SIEBERT and
LaHANNA SIEBERT,
husband and wife                                                    PLAINTIFFS

v.                         NO. 16-3040

CALVIN HALL and
T-HAUL TANK LINES, LLC, and
JOHN DOE 1                                                          DEFENDANTS

## NOTICE OF REMOVAL

Defendants Calvin Hall and T-Haul Tank Lines, LLC hereby remove and provide notice of removal of this action from the Circuit Court of Newton County, Arkansas, to the United States District Court, Western District of Arkansas, Harrison Division.

1. <u>State Court Action</u>

On March 3, 2016, Plaintiffs Chad Siebert and LaHanna Siebert filed this action against Defendants Calvin Hall and T-Haul Tank Lines, LLC, alleging Defendants were was negligent and caused a motor vehicle accident. The case is styled <u>Chad Siebert and LaHanna Siebert v. Calvin Hall and T-Haul Tank Lines, LLC and John Doe 1</u> and designated Newton County Circuit Court, Case No. 51CV-16-8-3 (Ex. A, Compl.).

2. <u>Receipt of Initial Pleading</u>

Counsel for Defendants obtained a copy of the initial pleading on or after March 11, 2016. Less than thirty (30) days have elapsed since March 11, 2016.

3. <u>Nature and Cause of Action in the Complaint</u>

This is a negligence action. Ex. A. Plaintiffs Chad Siebert and LaHanna Siebert were involved in a motor vehicle accident on March 8, 2013 with Defendant Calvin Hall. Defendants claim at the time of the accident Defendant Hall was acting within the course and scope of his employment with the Defendant T-Haul Tank Lines, LLC. Plaintiffs claim Defendant T-Haul is vicariously liable for the alleged negligence of Defendant Hall. Ex. A at para. 12. Plaintiffs also assert an independent claim of negligence as against Defendant T-Haul for its alleged failure to train Defendant Hall, alleged failure to maintain the vehicle Hall was operating and other alleged failures.

Plaintiffs claim they were injured in the March 8, 2013 accident. Ex. A at paras. 17-22. Plaintiffs seek compensatory damages. Ex. A at para. 17-21. Plaintiffs also seek punitive damages. Ex. A at para. 22.

4. <u>Removal of State Court Action</u>

Removal is sought pursuant to 28 U.S.C. § 1446(a). "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . to the district court

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This action is removable under 28 U.S.C. § 1441(a) because the district court has original jurisdiction under 28 U.S.C. § 1332(a), venue is proper in the Harrison Division of the Western District of Arkansas, and this Notice of Removal is timely filed.

5. <u>This Court has Original Jurisdiction over Plaintiff's Action</u>

Original jurisdiction exists under 28 U.S.C. § 1332(a). Section 1332(a)(1) provides that federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive or interests and costs, and is between – (1) citizens of different states." This is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

    (a)    <u>Diversity of citizenship exists between Plaintiff and Defendants</u>

Plaintiffs are citizens of the State of Arkansas. Ex. A at para. 1.

Defendant Hall is a citizen of the State of Texas. Ex. A at para. 2.

Defendant T-Haul is a Missouri corporation with its principal place of business located in Springfield, Missouri. Thus, it is a citizen of the State of Missouri. Ex. A at para. 3.

Plaintiffs have also named as Defendant John Does 1. However, the citizenship of defendants sued under fictitious names is disregarded for the purposes

of removal. See 28 U.S.C. § 1441(b)(1). John Doe defendants are considered to be defendants sued under fictitious names. See Lutz v. Pickle, 2015 U.S. Dist. LEXIS 65593 (E.D. Mo. May 20, 2015), citing Walker v. CSX Transp., Inc., 650 F.3d 1392, 1396 n. 11 (11th Cir. 2011) (finding that defendants "John Does" do not destroy diversity although their likely citizenship was the same as plaintiff because "fictitious 'named' parties [are] disregarded for purposes of diversity jurisdiction"); Universal Commun. Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 426 n. 10 (1st Cir. 2007) ("The presence of John Does does not destroy diversity jurisdiction in cases removed to federal court."); Australian Gold, Inc. v. Hatfield, 436 F.3d 1228, 1235 (10th Cir. 2006) (same).

(b) The Amount in Controversy is Met

Plaintiffs have alleged that the amount in controversy exceeds that which is necessary for federal diversity jurisdiction. Ex. A, WHEREFORE clause. Thus, this action is between parties of diverse citizenship and the amount in controversy is greater than $75,000. This Court has original jurisdiction over this lawsuit, and it is properly removed to this Court.

6. Defendants Consent to Removal

Both Defendants join in this removal. Hence, both consent to removal.

7. Venue is Proper

The United States District Court for the Western District of Arkansas,
end
→

Harrison Division, embraces the county in which the state court action is now pending and is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a), 1446(a).

8. <u>The Notice of Removal is Timely</u>

This removal is timely because more than thirty (30) days have not elapsed since Defendants' receipt or notice of the initial pleading. 28 U.S.C. § 1446(b).

9. <u>The State Court Pleadings are Filed with this Notice</u>

Defendants are simultaneously filing with this Notice copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the Newton County Circuit Court. (Exs. A, B, C, & D). Defendants have given prompt notice of filing of the removal by filing a copy of Notice of Removed action with the Circuit Court of Newton County and by mailing a copy of the same to Plaintiffs' attorney, Ray B. Schlegel, Nolan, Caddell & Reynolds, P.A., 211 N. 2nd St., Rogers, AR 72756.

In filing this Notice of Removal, Defendants do not waive, and specifically reserve, all defenses, exceptions, rights, and motions. No statement herein or omission herefrom shall be deemed constituted an admission by Defendants of any of the allegations of or damages sought in the Complaint.

WHEREFORE, the Defendants, Calvin Hall and T-Haul Tank Lines, LLC, remove this action from the Circuit Court of Newton County, Arkansas, to the

Harrison Division of the United States District Court for the Western District of Arkansas.

>WATTS, DONOVAN & TILLEY, P.A.
>200 RIVER MARKET AVENUE, SUITE 200
>LITTLE ROCK, AR 72201-1769
>(501) 372-1406
>(501) 372-1209 FAX
>
>By: _____
>RICHARD N. WATTS (82174)
>STACI DUMAS CARSON (2003158)

### CERTIFICATE OF SERVICE

I, Staci Dumas Carson, hereby certify that a copy of the above and foregoing pleading was mailed to all attorneys of record as listed below this _1st_ day of _April_, 2016.

Ray B. Schlegel
Nolan, Caddell & Reynolds, P.A.
211 N. 2nd St.
Rogers, AR 72756

_____
STACI DUMAS CARSON (2003158)