IN THE CIRCUIT COURT OF NEWTON COUNTY, ARKANSAS
CIVIL DIVISION

CHAD SIEBERT AND LAHANNA SIEBERT,
husband and wife                                                          PLAINTIFFS

VS.                          Case No. CV-2016-__8 -3__

CALVIN HALL AND T-HAUL TANK LINES, LLC
AND JOHN DOE 1                                                            DEFENDANTS

## COMPLAINT

COME NOW, the Plaintiffs, Chad Siebert and Lahanna Siebert, husband and wife, by and through their attorney, Ray B. Schlegel of Nolan, Caddell & Reynolds, P.A., and for their cause of action against the Defendants, Calvin Hall (hereinafter "Hall") and T-Haul Tank Lines, LLC (hereinafter "T-Haul"), and John Doe 1, allege and state as follows:

### Parties and Jurisdiction

1. Plaintiffs are and were at all times relevant hereto lawfully married as husband and wife. Further, Plaintiffs are and were at all times relevant hereto citizens and residents of the State of Arkansas, Newton County, Arkansas.

2. Defendant Calvin Hall is and was at all times relevant hereto a citizen and resident of the State of Texas.

FILED
OFFICE OF THE CIRCUIT CLERK
NEWTON COUNTY ARKANSAS

MAR 03 2016

_____ A.M. 2:25 P.M.



EXHIBIT A

3.      Defendant T-Haul Tank Lines, LLC is a foreign corporation organized and existing under the laws of the State of Missouri with its principle place of business located in Springfield, Missouri. Defendant T-Haul Tank Lines, LLC may be served through its registered agent for service of process on file with the Missouri Secretary of State, namely Robert W. Stillings, 2741 S. Meadowbrook Ave., Springfield, MO 65807.

4.      John Doe 1 is any individual and/or entity that owned the tractor-trailer or employed the driver of the tractor-trailer involved in this auto accident. An Affidavit is attached hereto as Exhibit "A" in accordance with A.C.A. § 16-56-125.

5.      All acts and omissions giving rise to this cause of action occurred in Newton County, Arkansas.

6.      This Court has jurisdiction over the subject matter and the parties hereto, and venue is proper with this Court.

### Factual Background

7.      On or about March 8, 2013, Plaintiff Chad Seibert was operating his vehicle in a safe and prudent manner heading South on Highway 7 in Jasper, Newton County, Arkansas. Defendant Calvin Hall, who was acting in the course and scope of his employment with Defendant T-Haul, was operating a tractor-trailer owned by Defendant T-Haul, and was traveling North down a steep grade on Highway 7 in Jasper, Newton County, Arkansas when his brakes overheated and failed. Although Hall's brakes were overheated prior to approaching the Runaway Ramp (a graveled area designed to stop runaway vehicles of all sizes),

Defendant Hall chose not to utilize said Runaway Ramp, and approximately one quarter of a mile north of the Ramp, Hill entered a right hand curve and slid out of control, wherein he failed to maintain control of his tractor-trailer, and it began overturning and struck the vehicle in which Plaintiff Chad Siebert was driving. Prior to the accident, Defendant Hall had been driving erratically and knew or should have known that his brakes were failing or would fail, yet he negligently and carelessly failed to take corrective action. The impact caused Plaintiff Chad Siebert's vehicle to overturn and slide sideways in a Northwest direction, thereby causing Plaintiff Chad Siebert to sustain serious and permanent disabling injuries, including but not limited to injury to his cervical, thoracic, and lumbar spine, which require surgery to repair.

8. Plaintiffs Chad Siebert and Lahanna Siebert were at the time of the accident and still are lawfully married as husband and wife.

9. At the time of the accident, Defendant Hall was acting within the course and scope of his employment with Defendant T-Haul.

### Count I: Negligence of Defendant Hall

10. At the time of the accident, Defendant Hall was guilty of negligence which was the proximate cause of the above-described collision and resulting damages sustained by Plaintiffs, such negligent acts or omissions including but not limited to:

(a) Reckless Driving in violation of Ark. Code Ann. § 27-50-308;

Case 3:16-cv-03040-TLB   Document 1-1   Filed 04/04/16   Page 3 of 8 PageID #: 9

Defendant Hall chose not to utilize said Runaway Ramp, and approximately one quarter of a mile north of the Ramp, Hill entered a right hand curve and slid out of control, wherein he failed to maintain control of his tractor-trailer, and it began overturning and struck the vehicle in which Plaintiff Chad Siebert was driving. Prior to the accident, Defendant Hall had been driving erratically and knew or should have known that his brakes were failing or would fail, yet he negligently and carelessly failed to take corrective action. The impact caused Plaintiff Chad Siebert's vehicle to overturn and slide sideways in a Northwest direction, thereby causing Plaintiff Chad Siebert to sustain serious and permanent disabling injuries, including but not limited to injury to his cervical, thoracic, and lumbar spine, which require surgery to repair.

8. Plaintiffs Chad Siebert and Lahanna Siebert were at the time of the accident and still are lawfully married as husband and wife.

9. At the time of the accident, Defendant Hall was acting within the course and scope of his employment with Defendant T-Haul.

### Count I: Negligence of Defendant Hall

10. At the time of the accident, Defendant Hall was guilty of negligence which was the proximate cause of the above-described collision and resulting damages sustained by Plaintiffs, such negligent acts or omissions including but not limited to:

(a) Reckless Driving in violation of Ark. Code Ann. § 27-50-308;

(b)  Disregard Traffic Control Device in violation of Ark. Code Ann. § 27-52-103;

(c)  Operating Unsafe Brakes in violation of Ark. Code Ann. § 27-31-501;

(d)  Knowledge of malfunctioning of tractor-trailer prior to accident, yet failing to take appropriate precautions;

(e)  Driving in a fashion that caused the tractor-trailer to malfunction;

(f)  Failure to keep a proper lookout for other vehicles;

(g)  Failure to keep the vehicle he was operating under proper control; and

(h)  Failure to exercise ordinary care under the circumstances for his own safety and the safety of others on the roadway.

11.  The negligent acts and/or omissions of Defendant Hall were the proximate cause of the injuries and damages sustained by Plaintiffs as more specifically set forth herein below.

### Count II: Vicarious Liability of Defendant T-Haul for the Negligence of Defendant Hall

12.  At the time collision referenced herein, Defendant Hall was acting within the course and scope of his employment with Defendant T-Haul. As such, all negligent and careless acts and/or omissions of Defendant Hall are imputed to Defendant T-Haul through the dotrine of *respondeat superior*.

13. At the time of the collision referenced herein, Defendant Hall, whose actions and omissions are imputed to Defendant T-Haul, was guilty of negligence as set forth herein above.

14. The negligent acts and omissions of the Defendant Hall, which are imputed to Defendant T-Haul, were the proximate cause of injuries and damages sustained by Plaintiffs as more specifically set forth herein below.

### Count III: Negligence of Defendant T-Haul

15. Through its agents, Defendant T-Haul was independently guilty of negligence and reckless disregard for the rights of others, thereby proximately causing the accident, injuries and damages described herein, such acts or omissions including but not limited to:

(a) Failure to use ordinary care in the hiring, training, supervision, and retention of Defendant Hall;

(b) Failure to maintain its vehicle in a proper working manner;

(c) Failure to use ordinary care to protect the safety of others sharing the roadway with the drivers of its vehicles.

16. The negligent acts and/or omissions of Defendant T-Haul, through its agents, were the proximate cause of injuries and damages of the Plaintiffs as more specifically set forth herein below.

### Damages

17. As a proximate result of the negligent acts and/or omissions of the Defendants set forth herein, which are imputed to Defendant T-Haul, Plaintiff Chad Siebert sustained serious and permanent injuries, thus incurring medical

expenses, and he is reasonably certain to incur further medical expense in the future.

18. As a proximate result of the negligent acts and/or omissions of the Defendants set forth herein, which are imputed to Defendant T-Haul, Plaintiff Chad Siebert has undergone excruciating pain and suffering in the past and will continue to undergo such pain and suffering the future.

19. As a proximate result of the negligent acts and/or omissions of the Defendants set forth herein, which are imputed to the Defendant T-Haul, Plaintiff Chad Siebert has suffered anxiety, mental anguish and emotional distress in the past and will continue to undergo such anxiety, mental anguish and emotional distress in the future.

20. As a proximate result of the negligent acts and/or omissions of the Defendants set forth herein, which are imputed to the Defendant T-Haul, Plaintiff Chad Siebert is unable to work and has been left permanently disabled and thus, he has lost wages in the past and will continue to suffer a loss of wages and earning capacity in the future.

21. As a proximate result of the negligent acts and/or omissions of the Dfendants set forth herein, which are imputed to Defendant T-Haul, Plaintiff Lahanna Siebert has sustained a loss of the services, society, companionship, and marriage relationship of her husband, Chad Siebert.

22. Defendants knew or ought to have known, in light of surrounding circumstances that their actions or omissions would naturally and probably result in injury, yet they continued to act or failed to act with malice or in reckless

disregard of the consequences from which malice may be inferred. Thus, Plaintiffs are entitled to punitive damages from Defendants.

### Jury Trial Demanded

23. Plaintiffs demand a trial by jury.

### Right to Amend

24. Plaintiffs reserve the right to file amended and substituted pleadings after further investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Chad Siebert and Lahanna Siebert pray for judgment against the Defendants, Calvin Hall and T-Haul Tank Lines, LLC, jointly and severally, in a sum which exceeds that which is necessary for federal diversity jurisdiction; for costs; and for all other relief which the Court deems proper.

Respectfully submitted,

CHAD SIEBERT AND
LAHANNA SIEBERT, Plaintiffs

By: /s/ Ray B. Schlegel

Ray B. Schlegel (2002002)
NOLAN, CADDELL & REYNOLDS
211 N. 2nd St.
Rogers, AR  72756
Phone: (479) 464-8269
Fax: (479) 464-8287
**Attorney for Plaintiffs**

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

IN THE CIRCUIT COURT OF NEWTON COUNTY, ARKANSAS
CIVIL DIVISION

CHAD SIEBERT AND LAHANNA SIEBERT,
husband and wife                                                                 **PLAINTIFFS**

VS.                         Case No. CV-2016- 8-3

CALVIN HALL AND T-HAUL TANK LINES, LLC
AND JOHN DOE 1                                                               **DEFENDANTS**

## AFFIDAVIT

I, Ray B. Schlegel, of legal age and being first duly sworn, state on oath:

1. I am the attorney of record for Plaintiffs in the above-captioned matter.

2. I hereby swear or affirm that the identities of a particular tortfeasor described in the Complaint is unknown at this time. The tortfeasor is described in the Complaint as John Doe 1. When the identity of the tortfeasor becomes known, the Complaint shall be amended to include the real name of the tortfeasor in accordance with Ark. Code Ann. § 16-56-125.

FURTHER AFFIANT SAYETH NOT.

_____
Ray B. Schlegel

STATE OF Arkansas         }
                                          }ss
COUNTY OF Washington  }

Subscribed and sworn before me, the undersigned Notary Public within and for the above County and State, this the 2nd day of March, 2016.

_____
Notary Public

My commission expires: [notary seal: ANDREA SIZEMORE, NOTARY PUBLIC, COMM. No. 12690623, COMM. Exp. 07/09/2025, WASHINGTON CO., ARKANSAS]

1